UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

Civil Action No. 14-131-HRW

CATHY MAYNARD,                                                  PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on October 5, 2011, alleging disability beginning on July 8, 2011, due to "bulging disc in neck, degenerative disc disease, spur in neck, pinched nerve in right leg, anxiety, cholesterol and depression" (Tr. 169). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Toby J. Buel, Sr. (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Dwight McMillion, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1:  If the claimant is performing substantial gainful work, he is not disabled.

Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:  If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 17-21).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since  the alleged onset date of disability (Tr.13).

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease and obesity, which he found to be "severe" within the meaning of the Regulations (Tr. 13-15).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 15).

The ALJ further found that Plaintiff could perform her past relevant work as a sales representative, cashier, short order cook, department store manager and teleophone surveyor (Tr. 20).

The ALJ finally concluded that these jobs exist in significant numbers in the national and

regional economies, as identified by the VE (Tr. 20-21).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 4 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 6 and 7] and this matter is ripe for decision.

## II. ANALYSIS

### A.    Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.      Plaintiff's Contentions on Appeal**

Plaintiff challenges the ALJ's consideration and weighing of the medical opinions in the record.  Specifically, she contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ failed to give adequate reasons for discounting the functional evaluation form of physical therapist, Dana Collett  and (2) the AlJ failed to include all of non-examining physician, Dr. Lisa Beihn's findings in his ultimate finding that Plaintiff could return to her prior relevant work.

**C.      Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ failed to give adequate reasons for discounting the functional evaluation form of physical therapist, Dana Collett.

On October 27, 2011, Ms. Collett completed a functional capacity evaluation of Plaintiff (Tr. 270-275). In assessing Plaintiff's limitations, Ms. Collett opined that that Plaintiff could not sit for more than five minutes, stand for more than 10 minutes, or lift more than seven pounds (Tr. 275).  In other words, in Ms. Collett's view, Plaintiff cannot meet the demands of even sedentary work.

The ALJ gave this opinion little weight.  First, he found it to be at odds with the other credible medical evidence in the record, including the reports of Plaintiff's treating sources.  Further, he acknowledged that physical therapists are not deemed "acceptable medical sources" per 20 C.F.R. 20 C.F.R. §§ 404.1502 (defining "acceptable medical source"); 404.1513(a) (sources who can provide evidence to establish an impairment (i.e., acceptable medical sources) are licensed physicians, licensed psychologists, licensed optometrists, licensed podiatrists, and qualified speech pathologists)); *see also* Social Security Ruling (SSR) 06-03p (other medical sources are "medical

4

sources who are not 'acceptable medical sources,' such as nurse practitioners, physician assistants, licensed clinical social workers, naturopaths, chiropractors, audiologists, and therapists . . . .").

Following the Regulations, the ALJ considered and weighed Ms. Collett's opinion pursuant to the standards set forth in 20 C.F.R. § 404.1527(d).  In doing so, he noted that aside from this note indicating Plaintiff's visit to Ms. Collett in October 2011, there are no physical therapy notes authored by Ms. Collett in the record, so it is unclear whether she even treated Plaintiff aside from this one time.

Given that Ms. Collett's opinion was inconsistent with the other medical and opinion evidence of record and that she may have only seen Plaintiff on one occasion, the Court finds no error in the ALJ's evaluation of her opinion of dire physical limitation.

Plaintiff urges that the ALJ committed error by referring to Ms. Collett as a "lay person." However, as discussed above, she is not an acceptable medical source.  The ALJ may have been emphasizing that point.  Regardless, it is clear from the hearing decision that the ALJ properly considered her opinion in accordance with the applicable regulations and rulings and reasonably rejected it.

Plaintiff's second claim of error is that the AlJ failed to include all of non-examining physician, Dr. Lisa Beihn's findings in his ultimate finding that Plaintiff could return to her prior relevant work.

Dr. Beihn assessed the following limitations: occasionally lift 20 pounds, frequently lift 10 pounds, stand and walk about 6 hours and sit about 6 hours; frequently climb ramps and stairs, stoop and kneel; occasionally climb ladders/ropes/scaffolds; occasionally crawl; and limited to overhead reaching on the right and left (Tr. 69-71).

In determining that Plaintiff could perform light work, the ALJ included the lifting restrictions but none of the others suggested by Dr. Beihn.

The ALJ is not bound to accept every limitation in Dr. Beihn's assessment. To the contrary, it is the duty of the ALJ to consider and weigh each piece of evidence. The ALJ considers numerous factors in constructing a claimant's residual functional capacity, including the medical evidence, the non-medical evidence, and the claimant's credibility. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 443 (6th Cir. 2010) (unpublished). In making this determination, the ALJ is required to resolve conflicts in the evidence and incorporate only those limitations that he finds credible in the residual functional capacity assessment. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234-1235 (6th Cir. 1993). Where there are conflicts regarding the evidence, the ALJ's findings of credibility are entitled to great deference. *See Anthony v. Astrue*, 266 F. App'x 451, 460 (6th Cir. 2008) (unpublished) (citing *King v. Heckler*, 742 F.2d 968, 974-75 (6th Cir. 1984)).

In this instance, the Court finds no error. The additional; restrictions posited by Dr. Beihn are not consistent with the other evidence in the record.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 28th day of September, 2015.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge